UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                        Civil Action No. 17-CV-10822

vs.                                                   HON. BERNARD A. FRIEDMAN

DAVID C. ROMANO,

    Defendant.

_____/

**<u>OPINION AND ORDER GRANTING</u>**
**<u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

This matter is presently before the Court on plaintiff's motion for summary judgment [docket entry 17]. Defendant has not responded, and the time for him to do so expired on December 14, 2018. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This is an income tax enforcement action. Plaintiff seeks to enforce defendant's unpaid income tax obligations for the 2003, 2004, 2007, 2008, and 2010 tax years. When the complaint was filed in March 2017, defendant's unpaid obligations for these years allegedly totaled $81,695.21. *See* Compl. ¶ 5. The amounts due and owing for each of these tax years were assessed in 2007, 2010, and 2013, the exact dates being indicated in the complaint. *Id.*

In his answer to the complaint, defendant indicated he believed the assessments were inaccurate because they were based on "tax information supplied by contractors that David C. Romano worked for . . . [and] were estimated from gross income . . . and did not allow for expenses, depreciation, etc." Answer ¶ 5. Defendant further indicated that he had retained "Patricia J. Schenk of Liberty Tax Service for the purpose of filing or amending the tax returns for the years in question

[and] Patricia J. Schenk has been in contact with the I.RS. and is currently working on the aforementioned years." *Id.* ¶¶ 6-7.

Shortly after defendant answered the complaint, plaintiff requested and received a 120-day stay of proceedings so that the parties could engage in settlement negotiations. In that motion, at ¶ 3, plaintiff indicated that "[a]lthough the time for Mr. Romano to file or amend returns for the years at issue has passed, the United States will consider any evidence that Mr. Romano has to show that the Internal Revenue Service's ('IRS') tax assessments are incorrect and, if appropriate, will ask the IRS to recalculate the amount of taxes (and resulting penalties and interest) owed." In November 2017, plaintiff requested and received an additional 90-day stay of proceedings, as plaintiff's counsel needed more time to obtain defendant's files from the IRS. In ¶ 3 of that motion, plaintiff indicated that defendant had asked to see these files "to make it easier for him to determine what type of documentation he needed to provide to substantiate expenses he had in the relevant tax years."

Obviously no settlement was reached, as plaintiff now seeks summary judgment. Attached to plaintiff's motion are copies of the IRS 4340 forms (certificates of assessment) for each of the tax years in question. Each of these forms itemizes the amount due and owing for each tax year at issue, and shows the taxable income, the amount of the tax, as well as penalties, interest, and credits. Each form is signed by an IRS certifying officer. Also attached to plaintiff's motion is a declaration of a revenue officer who avers that he has calculated the total balance owed by defendant for the tax years at issue, as of October 29, 2018, to be $87,769.59. Such certificates of assessment are presumed to be correct, and the filing of such certificates establishes a prima facie case of liability in the amounts shown of the certificates. *See Gentry v. United States*, 962 F.2d 555, 557

(6th Cir. 1992); *United States v. Walton*, 909 F.2d 915, 919 (6th Cir. 1990). The burden then shifts to the taxpayer to show that he "did not earn the taxable income attributed to [him] or [to present] an argument that the IRS deficiency calculations were not grounded on a minimal evidentiary foundation." *Walton*, 990 F.2d at 919. By failing to respond to the instant motion, defendant has failed to rebut the presumption of the correctness of the information presented on the IRS 4340 forms. Likewise, under Fed. R. Civ. P. 56(e)(2), the Court may take defendant's failure to respond as a concession that the facts presented in the motion are uncontested and correct.

Under these circumstances, plaintiff is plainly entitled to summary judgment. Plaintiff has presented prima facie proof of defendant's liability for the tax years at issue, and defendant has offered no evidence or argument to the contrary. Accordingly,

IT IS ORDERED that plaintiff's motion for summary judgment is granted. The Court shall enter judgment for plaintiff in the amount of $87,769.59. This is defendant's income tax liability for the tax years 2003, 2004, 2007, 2008, and 2010, through October 29, 2018.

Dated: March 14, 2019  
Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 14, 2019.

                                         s/Johnetta M. Curry-Williams
                                         Case Manager

David C. Romano
11655 Algonquin
Pickney, MI 48169